Van Ellen *v.* Carrier.

[NIAGARA GENERAL TERM, September 12, 1859. *Greene, Marvin* and *Davis,* Justices.]

## VAN ELLEN *vs.* CARRIER.

Where a married woman purchases a farm, and takes a conveyance thereof, to herself, in fee, executing a mortgage thereon for the purchase money, and she, in the absence of her husband from the state, occupies the land, and cultivates it at her own expense, she is entitled to the crops; and a purchaser thereof, from her, will acquire a good title thereto, as against the creditors of the husband.

The fact that upon a purchase of land, by a married woman, her husband joins her in giving a mortgage upon the land, to secure the payment of the purchase money, will not affect the wife's title to the land.

Van Ellen *v.* Carrier.

APPEAL from a judgment entered upon the decision and report of a referee. The action was brought to recover the value of hay and oats converted by the defendant. The referee found as facts: That in May, 1852, the farm upon which the hay and oats were raised, was by an arrangement between Epenetus H. Griffin and his wife Eunice, and Samuel. M. Russell and one Calwell, conveyed by Russell to Eunice Griffin, and a mortgage upon the farm was executed by Mrs. Griffin and her husband to Calwell to secure the payment of the purchase money. That Mrs. Griffin had, previous to such conveyance, occupied the farm; the mortgage was foreclosed, and Calwell, in August, 1853, became the purchaser of the mortgaged premises, and in November of that year Calwell commenced an action against Griffin and wife, to recover possession of the premises; and he recovered judgment Sept. 28, 1854, and soon after possession. Mr. Griffin, a few days before the action of ejectment was commenced, went to Illinois, leaving his wife and three minor children on the farm, and did not return until March, 1855, a few days before the trial of this cause. During Griffin's absence the farm was carried on by Mrs. Griffin and a minor son, aged 18 or 19. The hay and oats were raised on the farm in the summer of 1854, under the direction of Mrs. Griffin, and harvested and put in the barn, she employing laborers for that purpose. The teams and tools used on the farm belonged to Mr. Griffin. In August Mrs. Griffin made an agreement to sell the hay and oats to the plaintiff, who gave his note therefor, and subsequently paid a portion of the note. In September the hay and oats were taken in execution upon judgments against Mr. Griffin, and they were sold to the defendant, who took them away. The referee decided that from May, 1852, to August, 1853, Mrs. Griffin was in possession of the farm under her own title, and continued in actual possession until put out by the writ of possession. That the title of the crops raised in the summer of 1854 was in her, and that the contract between her and the plaintiff was valid, and vested the title in him; and that the

plaintiff was entitled to judgment. The defendant excepted, &c. and appealed.

*L. B. Soule,* for the plaintiff.

*Champlin & Rathbun,* for the defendant.

*By the Court,* MARVIN, J.   After examining the statute of 1848 as amended in 1849, relating to the separate rights of married women, and the case referred to by counsel, and some others, I have come to the conclusion that the referee has committed no error of which the defendant can complain.

The act of 1849 declares, that " any married female may take by inheritance, or by gift, grant, devise or bequest, from any person other than her husband, and hold to her sole and separate use, and convey and devise, real and personal property and any interest or estate therein, and the rents, issues and profits thereof, in the same manner and with the like effect as if she were unmarried, and the same shall not be subject to the disposal of her husband, nor be liable for his debts."

In the present case, Mrs. Griffin took, by grant, the farm from Russell.   She was seised in fee.   It is true she executed a mortgage, in which her husband joined, to secure the payment of the purchase money.   I do not see that this can affect her title to the land.   She had capacity to take by grant, independent of the statute.   It may be that the conveyance to her of the title was a fraud upon the creditors of her husband, but the case does not disclose facts requiring the referee so to find. It appears simply that her husband was in possession of the farm, and had occupied it prior to the conveyance to her.   It does not appear how he occupied it, nor that he had ever paid any thing on account of the land.   Indeed, the mortgage was given for the purchase money.   The statute secures to her " the rents, issues and profits."   In the present case her husband did not put in or harvest the crops, unless it should be said as a question of law that his wife and son were at work

for him, and that they could not cultivate the farm on her account. He was absent, out of the state. It is not the case where the husband works the farm himself, doing or paying for the labor. The statute gives her the power of disposing of the property. I do not see that any question of fraud was raised by the evidence. It does not appear that Griffin owed any debts when the land was conveyed to his wife. In short, I think the plaintiff acquired a good title to the hay and oats by his purchase from Mrs. Griffin, as against the defendant.

It is said that the mortgage was foreclosed, and that the title of the property was in Calwell, who purchased the premises in August, 1853, the year before the oats and hay were raised. It may well be that Calwell was entitled to the hay and oats, and it will be in time to decide that question when he or some one claiming under his title shall present the claim. But the defendant has no connection with Calwell. He is a naked wrongdoer.

In short, I think the judgment should be affirmed.

